IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

FILED IN OPEN COURT
ON 11/27/18 NB
Peter A. Moore, Jr., Clerk
US District Court
Eastern District of NC

NO. 7:18-CR-194-UA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **I N D I C T M E N T** |
| ) | |
| SARAH JANE BRINSON ) | |

The Grand Jury Charges:

### General Allegations

At all times relevant to this Indictment:

1. The defendant, SARAH JANE BRINSON, (hereinafter "BRINSON") was a licensed attorney and notary public in the State of North Carolina.

2. The Immigration and Nationality Act (hereinafter "INA") governs the immigration laws of the United States.

3. The term "alien" means any person not a citizen or national of the United States.

4. Pursuant to the INA, aliens are not permitted to permanently reside in the United States unless they are lawful permanent residents.

5. Eliseo Hernandez-Lorenzo (hereinafter "Hernandez") was an alien born in Guatemala without lawful status in the United States.

1

6. On June 5, 2012, Hernandez traveled to the North Carolina Division of Motor Vehicles in Kenansville, North Carolina. Hernandez presented a Texas birth certificate and a Social Security card assigned to a United States citizen with initials C.S.V. (hereinafter "the victim"). Hernandez was issued an identification card under the victim's identity.

7. On June 15, 2012, the Secretary of Homeland Security announced that certain people who came to the United States as children and meet several guidelines may request consideration of Deferred Action for Childhood Arrivals (hereinafter "DACA") for a period of two years, subject to renewal. DACA beneficiaries were also eligible to apply for an Employment Authorization Document (hereinafter "EAD").

8. On September 19, 2012, Hernandez traveled to BRINSON's law office and retained her legal services. The agreement, executed between "Eliseo Hernandez Lorenzo" and "Sarah J. Brinson," provided for BRINSON to prepare a DACA application on behalf of Hernandez in exchange of $500 plus $465 filing fee. Hernandez advised BRINSON that he had used, and was utilizing, the victim's means of identification in order to work in the United States. An employee of the BRINSON law office made a photocopy of Hernandez's identification card under the victim's identity. Hernandez provided

2

Case 7:18-cr-00194-FL   Document 1   Filed 11/27/18   Page 2 of 10

BRINSON $150 in cash, and received a receipt under the name "Eliseo Hernandez."

9. On January 25, 2013, Hernandez used the victim's means of identification in an Employment Eligibility Verification (hereinafter "Form I-9"), in order to obtain employment at Sanderson Farms, Inc., in Kinston, North Carolina.

10. On August 16, 2013, Hernandez drove a vehicle in Wayne County, North Carolina, without a driver's license. Hernandez was stopped by the Wayne County Sheriff's Office and identified himself as the victim. Hernandez was issued a traffic citation under the victim's identity for no operator's license.

11. On September 3, 2013, Hernandez used the victim's means of identification in a Form I-9 in order to obtain employment at Uchiyama, Inc., in Wayne County, North Carolina.

12. On October 7, 2013, Hernandez drove a vehicle in Wayne County, North Carolina, without a driver's license. Hernandez was stopped by the Wayne County Sheriff's Office and identified himself as the victim. Hernandez was issued a traffic citation under the victim's identity for no operator's license.

13. On October 11, 2013, Hernandez drove a vehicle in Wayne County, North Carolina, without a driver's license. Hernandez was stopped by the Wayne County Sheriff's Office and identified himself

as the victim. Hernandez was issued a traffic citation under the victim's identity for no operator's license.

14. On October 18, 2013, BRINSON's law office issued a receipt to "Eliseo Hernandez Lorenzo" in exchange of Hernandez's $350 payment.

15. On October 18, 2013, BRINSON's law office issued a receipt to "Eliseo Hernandez Lorenzo" in exchange of Hernandez's $465 payment.

16. On October 27, 2013, Hernandez drove a vehicle in Wayne County, North Carolina, without a driver's license. Hernandez was stopped by the Wayne County Sheriff's Office and identified himself as the victim. Hernandez was issued a traffic citation under the victim's identity for no operator's license.

17. On November 1, 2013, BRINSON and Hernandez entered into an agreement between "Eliseo Hernandez Lorenzo" and "Sarah J. Brinson" providing legal representation on four (4) no operator's license charges in exchange of $600. The agreement was signed by Hernandez using the victim's name.

18. On November 1, 2013, BRINSON issued a receipt to "Eliseo Hernandez Lorenzo" in exchange of Hernandez's $600 payment.

19. On November 1, 2013, BRINSON notarized Hernandez's signature under the victim's identity in three (3) court documents captioned "Waiver of Assigned Counsel" "wav[ing] the right to

4

assigned counsel . . . and consent[ing] to Sarah Jane Brinson to make an appearance" in the Wayne County District Court.

20. On November 15, 2013, BRINSON represented Hernandez under the victim's identity in the Wayne County District Court.

21. On December 6, 2013, BRINSON represented Hernandez under the victim's identity in the Wayne County District Court.

22. On January 18, 2014, BRINSON prepared a DACA application and an EAD application for submission to immigration officials on Hernandez's behalf. The DACA and EAD applications stated that Hernandez had not used other names. Hernandez certified under penalty of perjury that the information contained in the applications was true and correct. BRINSON executed a preparer's declaration.

23. On February 10, 2014, BRINSON represented Hernandez under the victim's identity in the Wayne County District Court.

## COUNT ONE

On or about January 18, 2014, in the Eastern District of North Carolina and elsewhere, the defendant, SARAH JANE BRINSON, aided and abetted Eliseo Hernandez-Lorenzo to knowingly make under oath, and to knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant BRINSON prepared an Application for Consideration of Deferred Action

5

for Childhood Arrivals, Form I-821D, on behalf of Eliseo Hernandez-Lorenzo, in which it was stated Eliseo Hernandez-Lorenzo had not used other names, when in fact, as defendant BRINSON then knew, Eliseo Hernandez-Lorenzo had used the name of an individual having initials C.S.V.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

**COUNT TWO**

On or about January 18, 2014, in the Eastern District of North Carolina and elsewhere, the defendant, SARAH JANE BRINSON, aided and abetted Eliseo Hernandez-Lorenzo to knowingly make under oath, and to knowingly subscribe as true under penalty of perjury under Title 28, United States Code, Section 1746, a false statement with respect to a material fact in an application required by the immigration laws and regulations prescribed thereunder, that is, defendant BRINSON prepared an Application for Employment Authorization, Form I-765, on behalf of Eliseo Hernandez-Lorenzo, in which it was stated Eliseo Hernandez-Lorenzo had not used other names, when in fact, as defendant BRINSON then knew, Eliseo Hernandez-Lorenzo had used the name of an individual having initials C.S.V.

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

## COUNT THREE

On or about January 18, 2014, in the Eastern District of North Carolina and elsewhere, the defendant, SARAH JANE BRINSON, aided and abetted Eliseo Hernandez-Lorenzo to knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant BRINSON prepared an Application for Consideration of Deferred Action for Childhood Arrivals, Form I-821D, on behalf of Eliseo Hernandez-Lorenzo, in which it was stated Eliseo Hernandez-Lorenzo had not used other names, when in fact, as defendant BRINSON then knew, Eliseo Hernandez-Lorenzo had used the name of an individual having initials C.S.V.

All in violation of Title 18, United States Code, Sections 1015(a) and 2.

## COUNT FOUR

On or about January 18, 2014, in the Eastern District of North Carolina and elsewhere, the defendant, SARAH JANE BRINSON, aided and abetted Eliseo Hernandez-Lorenzo to knowingly make a false statement under oath in a case, proceeding, and matter relating to, and under, and by virtue of any law of the United States relating to naturalization, citizenship, and registry of aliens, that is, defendant BRINSON prepared an Application for Employment

7

Authorization, Form I-765, on behalf of Eliseo Hernandez-Lorenzo, in which it was stated Eliseo Hernandez-Lorenzo had not used other names, when in fact, as defendant BRINSON then knew, Eliseo Hernandez-Lorenzo had used the name of an individual having initials C.S.V.

All in violation of Title 18, United States Code, Sections 1015(a) and 2.

[remainder of page left blank]

## FORFEITURE NOTICE

The defendant is given notice that pursuant to the provisions of Title 18, United States Code, Section 982(a)(6)(A) all of the defendant's interest in all property specified herein is subject to forfeiture.

Upon conviction of one or more of the offenses set forth in Counts One and Two of this Indictment, the defendant shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the said offense; any property, real or personal, constituting, or derived from, or traceable to any proceeds the defendant obtained, directly or indirectly, from the commission of the said offense; and any property used, or intended to be used, to facilitate the commission of the said offense.

The forfeitable property includes, but is not limited to, the gross proceeds and/or facilitating property in the amount of at least $965.00.

If any of the above-described forfeitable property, as a result of any act or omission of a defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

ROBERT J. HIGDON, JR.
United States Attorney

*Sebastian Kielmanovich*
SEBASTIAN KIELMANOVICH
Assistant United States Attorney

10