IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CR-00194-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SARAH JANE BRINSON<br><br>Defendant. | SENTENCING MEMORANDUM |

Defendant, SARAH JANE BRINSON, by and through undersigned counsel, submits this Sentencing Memorandum pursuant to 18 U.S.C. § 3661, to provide additional information for the Court's consideration concerning the various factors found in 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines in fashioning a sentence for Ms. Brinson that is "sufficient, but not greater than necessary" to satisfy the principles of 18 U.S.C. § 3553(a)(2). For the reasons discussed herein, the Defendant believes that a sentence of probation would provide a punishment sufficient to accomplish the goals of sentencing.

I. **HISTORY AND CHARACTERISTICS OF DEFENDANT**

Sarah Brinson devoted her life to helping others at a young age. She was raised by two public servants in a rural tobacco farming community in Pamlico County, North Carolina. Her father was a former State Bureau of Investigations agent. Her mother was a high school teacher. As soon as Sarah and her siblings were old enough, they spent their summers working shoulder-to-shoulder in tobacco fields with predominantly Hispanic workers. Working those hot August days,

Sarah found a love for Hispanic culture, the Spanish language, and built a work ethic that would take her far from the farm. That work ethic also earned results in the classroom. She studied four years of Spanish and French at Pamlico County High School and graduated as valedictorian in 2002, breaking script in her valedictory speech to address the community's foreign exchange students in their native languages. Sarah always made others feel welcome.

Sarah followed her passion for service and the Spanish language to East Carolina University ("ECU"), where she double-majored in Political Science and Hispanic Studies and graduated with honors in 2006. She went on to North Carolina Central University School of Law, earning coveted clerkships at the North Carolina Department of Justice and with Justice Barbara Jackson.

Sarah eschewed more lucrative careers in favor of using her language skills and legal training to help the underserved communities she had come to love back home. She joined a small practice in Greenville, using her Spanish to handle criminal and immigration matters across eastern North Carolina. With just two years of experience, Sarah resolved to open Brinson Law Office in Clinton, NC with only minimal savings and a small loan from her parents. She hired Yareli Ortiz Carbajal, a young legal assistant she had befriended at her prior firm, to help run the office. Ms. Ortiz did not have work authorization or legal status.

Sarah was a young lawyer full of optimism, often putting people ahead of profits. She regularly provided free legal seminars in local churches and worked at

reduced rates or free for those in need. Her primary focus in opening Brinson Law was helping others and making a positive impact on her community.

Shortly after moving to Clinton, Sarah began a romantic relationship that quickly became detrimental to her well-being. Her boyfriend suffered from alcoholism and depression. Sometimes he was physically and mentally abusive. They bought a home together, but he could not keep a job. The grueling pace of running a solo practice and the abuse she suffered at home caused Sarah to develop debilitating depression and anxiety.[1]

She sought professional help, but prescription medication proved ineffective. Despite her own struggles, Sarah continued to support her boyfriend in his battle with alcoholism, driving him to AA meetings and enrolling him in rehab. She tried, as always, to help. Her boyfriend's mental health fight ended in tragedy this spring, when she returned home to find he had hung himself in their bedroom closet.

Despite the sudden loss of her companion, and the stress of undergoing federal prosecution, Ms. Brinson has made tremendous strides in her mental health in the last several months. She closed her law firm, worked with the State Bar to wind-down her law practice, and focused on her health. Sarah is on an upward trajectory, thanks in part to more intensive and targeted treatment by specialists in

---

[1] The American Bar Association ("ABA") has noted that 28 percent of lawyers acknowledged suffering from depression and that lawyers suffer depression at a higher rate than the general population. *See* ABA Commission on Lawyer Assistance Programs – Depression (Jun. 4, 2018) (available at: https://www.americanbar.org/groups/lawyer_assistance/resources/depression/); *"ABA Sounds New Alarm on Substance Abuse, Firms Pledge Action,"* The American Lawyer (Sep. 10, 2018).

Raleigh and Chapel Hill. The ever-present support of her loving parents has also been a blessing. As her father says, despite the tragic and unfortunate circumstances of the last year, "the spark of hope" is present and growing by the day.

## II. NATURE AND CIRCUMSTANCES OF THE OFFENSE

Ms. Brinson has pleaded guilty to a single offense of encouraging or inducing an alien to remain in the United States in reckless disregard of the fact that such residence was in violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv). The basis for this offense was Sarah's employment of her legal assistant, Yareli Ortiz Carbajal, at Brinson Law Office for a period of time before Ms. Ortiz obtained work authorization (which she ultimately did). Sarah's guideline range is 0-6 months, in Zone A of the Sentencing Table. She has no criminal history.

Sarah acknowledges that her actions were wrong and she accepts full responsibility. Sarah allowed her close personal friendship with Ms. Ortiz to get in the way of her legal obligations as an employer. After befriending Ms. Ortiz while working together at a prior law firm, Sarah became a godmother to Ms. Ortiz's son. When her boyfriend was abusive, Sarah turned to Ms. Ortiz for support. Moreover, she counted on Ms. Ortiz to keep the office running as her depression worsened. Ms. Brinson now realizes that she allowed this friendship, specifically, and her desire to help people, more generally, to cloud her judgment. This severe lapse of judgment led Sarah to employ her friend prior to her obtaining work authorization in violation of the law.

## III. SUITABILITY OF A PROBATIONARY SENTENCE

In light of the guideline range and all of the relevant 3553(a) factors, the defendant believes a probationary sentence is appropriate. The defendant has already suffered significant consequences for her actions and any term of incarceration would be greater than necessary to achieve the goals of sentencing.

The offense to which Ms. Brinson pleaded guilty is a felony offense and carries with it all of the familiar collateral consequences. Ms. Brinson also agreed to surrender her law license and not seek reinstatement for a period of at least 5 years. Sarah has also agreed to forfeit $5,000 to the Government in lieu of civil fines which could have been levied against her based on her employment of Ms. Ortiz.

An important factor in support of a probationary sentence is the fact that, as discussed above and as the Government stipulated, the offense was not committed for profit. Based on the nature and circumstances of the offense, specifically the lack of any aggravating factors, and the history and characteristics of the defendant, there appears to be no basis for a sentence other than a term of probation.

Moreover, a probationary sentence would allow Sarah to continue her mental health treatment, to obtain gainful employment, and satisfy her forfeiture obligations to the Government. To that end, the defendant further requests the court not impose a fine so that her limited financial resources can be directed towards said obligation.

The defendant has paid a heavy price for the conduct at issue. Sarah is remorseful and doing everything in her power to put her life back together. She respectfully requests a sentence of probation to allow her to continue in that journey.

## IV. CONCLUSION

For the reasons outlined herein, the Defendant believes that a guideline sentence of probation would meet the purposes of sentencing.

WHEREFORE, based on the preceding arguments, as supported herein, and based on the factual information in the Presentence Report, Ms. Brinson respectfully requests:

1. That the Court impose upon Ms. Brinson a probationary sentence for the reasons set forth herein;

2. That the Court grant Ms. Brinson such other and further relief as it may deem is just, proper, and reasonable.

Respectfully submitted this 1st day of October, 2019.

MCGUIREWOODS LLP

/s/ Michael F. Easley, Jr.
Michael F. Easley, Jr.
N.C. State Bar No. 41744
434 Fayetteville Street, Suite 2600
Raleigh, North Carolina 27601
Telephone: (919) 755-6696
Facsimile: (919) 755-6699
Email: mfeasley@mcguirewoods.com

*CJA Attorney for Sarah Jane Brinson*

# CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sebastian Kielmanovich
Assistant US Attorney
United States Attorney's office
310 New Bern Avenue
Suite 800
Raleigh, NC 27601
Email: sebastian.kielmanovich@usdoj.gov

/s/ Michael F. Easley, Jr.
Michael F. Easley, Jr.
MCGUIREWOODS LLP
N.C. State Bar No. 41744
434 Fayetteville Street, Suite 2600
Raleigh, North Carolina 27601
Telephone: (919) 755-6696
Facsimile: (919) 755-6699
Email: mfeasley@mcguirewoods.com

*CJA Attorney for Sarah Jane Brinson*